## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LACROSSE UNLIMITED, INC., | ) | |
| | ) | |
| Plaintiffs | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| US LACROSSE, INC., | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND CANCELLATION OF REGISTRATIONS

Plaintiff Lacrosse Unlimited, Inc. ("Lacrosse Unlimited") files this Complaint for Declaratory Judgment of Non-Infringement and Cancellation of Registration against Defendant US Lacrosse, Inc. ("USL"), and in support thereof alleges as follows:

## NATURE OF THE ACTION

1.      This is an action arising under the Declaratory Judgment Act (28 U.S.C. §§ 2201 *et seq.*) and the Lanham Act (e.g., 15 U.S.C. §§ 1064, 1119, and 1120).

2.      As discussed herein, this action arises out of a substantial, immediate, and real controversy between Lacrosse Unlimited and USL based on threats USL has made against Lacrosse Unlimited regarding Lacrosse Unlimited's use of the phrase USA LACROSSE on its own and in connection with various design elements.

3.      In an attempt to stifle legitimate competition in the lacrosse clothing and equipment industry, USL recently alleged that Lacrosse Unlimited's use of USA LACROSSE is a violation of USL's trademark rights and demanded, *inter alia*, that Lacrosse Unlimited immediately cease its long-standing use of the USA LACROSSE phrase.

4.      USL's infringement claim and demand are without merit as Lacrosse Unlimited's use of USA LACROSSE predates USL's use by decades. Accordingly, Lacrosse Unlimited seeks a declaration that its use in this country of the phrase USA LACROSSE is lawful and does not infringe any valid trademark rights owned by USL.

5.      Lacrosse Unlimited simultaneously moves the court for cancellation of US Lacrosse, Inc.'s federal trademark registrations for (a) USA LACROSSE and (b) USA LACROSSE & Design, to the extent they cover clothing and lacrosse equipment or lacrosse paraphernalia.

## THE PARTIES

6.      Since its establishment in 1990, Lacrosse Unlimited has been offering lacrosse-focused equipment and clothing. At present, Lacrosse Unlimited operates approximately 50 brick and mortar retail locations and sells products to customers throughout the country via its website at <lacrosseunlimited.com>. The annual sales revenue of Lacrosse Unlimited exceeds $40 million. Lacrosse Unlimited is a New York corporation with its principal place of business at 200 Heartland Blvd, Edgewood, NY, United States 11717.

7.      Defendant US Lacrosse, Inc. is a Maryland corporation having its principal place of business at 2 Loveton Circle, Sparks, Maryland 21152. USL is the national governing body of men and women's lacrosse in the United States and also offers a variety of lacrosse-focused clothing, equipment and paraphernalia for sale on its website at <shop.usalacrosse.com> that it sells, including into the Eastern District of New York.

8.      USL maintains a permanent and continuous presence in the Eastern District of New York through its regional chapter, the Long Island Metro Lacrosse Foundation, which is headquartered at 125 Woodhill Lane, Manhasset, NY, 11030.

9.    USL also has employees who live and work in the Eastern District of New York, including its CEO, Marc Riccio.

## JURISDICTION AND VENUE

10.    This action arises under the federal trademark statute, *i.e.*, the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and Lacrosse Unlimited seeks a specific remedy based upon the laws authorizing actions for declaratory judgments in the courts of the United States, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

11.    This Court has personal jurisdiction over USL because, *inter alia*: USL transacts significant business within this judicial district, including operating lacrosse clinics and selling gear and clothing into the district; it has threatened Lacrosse Unlimited regarding USL's alleged trademark rights within this district; its CEO makes business and other operative decisions for USL in this district; and it has otherwise made or established contacts with this judicial district sufficient to permit the exercise of personal jurisdiction by the Court over USL.

12.    Venue is proper in this judicial district and Court under 28 U.S.C. § 1391(b), (c) and (d) because, *inter alia*, a substantial part of the events giving rise to Lacrosse Unlimited's claim occurred in the Eastern District of New York, and USL's contacts in this district are sufficient to subject it to personal jurisdiction if this district was a separate state.

## LACROSSE UNLIMITED'S USE OF USA LACROSSE

13.    Upon opening its first location in 1990, and continuously since then, Lacrosse Unlimited has been using in commerce in this country the phrase USA LACROSSE on a variety of clothing items as well as on lacrosse equipment and lacrosse paraphernalia, which

it sells through its brick-and-mortar locations, by mail through its catalog (beginning in 1994), and through its website (beginning in 1996).

14. Lacrosse Unlimited has spent years marketing and promoting its clothing, lacrosse equipment, and lacrosse paraphernalia using the USA LACROSSE phrase. By way of example, shown below are images of some of the clothing items and gear manufactured and sold by Lacrosse Unlimited in the 1990's bearing the USA LACROSSE phrase, taken from Lacrosse Unlimited's catalogs:

| | |
|---|---|
| 1994 Catalog (Hat): |  |
| 1995 Catalog (equipment bag): | |
| 1996 Catalog (T-shirt): | |

| 1998 Catalog (T-shirt): |  |
| --- | --- |

15.     Lacrosse Unlimited's catalogs have been distributed nationwide since at least 1994 and have been delivered by mail to over a million households.

16.     In 1996, Lacrosse Unlimited launched its website at <lacrosseunlimited.com>. Since then, Lacrosse Unlimited has offered for sale clothing as well as lacrosse equipment and paraphernalia nationwide via the website.

17.     Since 1990, Lacrosse Unlimited has continuously used the USA LACROSSE phrase on clothing as well as lacrosse equipment and lacrosse paraphernalia including, but not limited to, on t-shirts, jerseys, sweatshirts, shorts, hats, lacrosse sticks, sports bags, and stickers. Attached as Exhibit 1 to this complaint are representative examples from Lacrosse Unlimited's catalogs and website showing its consistent use of the USA LACROSSE phrase.

18.     Lacrosse Unlimited uses the phrase USA LACROSSE on its products to show pride in the sport of lacrosse and players in the United States.

### USL'S USE OF USA LACROSSE AND CLAIMED TRADEMARK RIGHTS

19.     USL was founded in 1998 following the merger of several national lacrosse organizations. It is the governing body of lacrosse in the United States. From 1998 to 2021,

USL operated under the US LACROSSE mark and utilized a number of logos, including those depicted below:

   

20.    In 2021, USL changed its business name from US Lacrosse to USA Lacrosse and adopted a new logo, depicted below (the design portion of the mark, the "Shield Design"):



21.    On March 4, 2020, USL filed an application with the United States Patent and Trademark Office ("USPTO") for the word mark USA LACROSSE (Appl. No. 88/820,844) (the "Word Mark Application") covering a variety of goods and services, including "Athletic jackets; Athletic shorts; Jackets; Jogging pants; Leggings; Polo shirts; Rain jackets; Shirts; Short-sleeved or long-sleeved t-shirts; Short-sleeved shirts; Shorts; Sports caps and hats; Sports shirts; Sweat pants; Sweatshirts; T-shirts; Tank-tops; Wind-jackets; Gloves; Sports bras; Socks; Beanies; Pajamas; Headbands; Vests; Jerseys" in Class 25 and "Equipment for the sport of lacrosse" in Class 28.

22.    USL's Word Mark Application was allowed to register after USL claimed acquired distinctiveness in the mark based on earlier registrations for US LACROSSE & Design. USL was required to disclaim LACROSSE. USL claimed a first use date of May 12, 2021, for the USA LACROSSE mark in Classes 25 and 28. The Word Mark Application registered on May 24, 2022, as Reg. No. 6,739,974.

23.    On February 10, 2021, USL filed an application with the USPTO for the mark USA LACROSSE & Design (Appl. No. 90/522,381) (the "Design Mark Application") covering "Athletic jackets; Athletic shorts; Jackets; Jogging pants; Leggings; Polo shirts; Rain jackets; Shirts; Short-sleeved or long-sleeved t-shirts; Short-sleeved shirts; Shorts; Sports caps and hats; Sports shirts; Sweat pants; Sweatshirts; T-shirts; Tank-tops; Wind-jackets; Gloves; Sports bras; Socks; Beanies; Pajamas; Headbands; Vests; Jersey" in Class 25 and "lacrosse equipment, namely, lacrosse ball bags, lacrosse balls, lacrosse gloves, lacrosse sticks, lacrosse stick handles, lacrosse stick heads, lacrosse stick strings, lacrosse equipment bags, lacrosse helmets, lacrosse arm pads, lacrosse elbow pads, lacrosse shoulder pads, lacrosse rib pads, lacrosse chest protectors, lacrosse goggles, lacrosse mouthguards, lacrosse training balls, lacrosse goals, and lacrosse cleats" in Class 28.

24.    USL's Design Mark Application was allowed to register after USL claimed acquired distinctiveness based on longstanding use of the mark US LACROSSE and earlier registrations for US LACROSSE & Design. USL was required to disclaim LACROSSE. USL claimed a first use date of May 12, 2021, for the USA LACROSSE & Design mark in Classes 25 and 28.  The Design Mark Application registered on June 14, 2022, as Reg. No. 6,757,004.

25.    USL's 2020 Word Mark Application and 2021 Design Mark Application occurred over two decades after Lacrosse Unlimited's first use of the USA LACROSSE phrase in the 1990s.

26.    As part of these applications, the Vice President and Chief Financial Officer of USL, Cara Morris, signed a declaration that states, "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely,

when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

27.    Upon information and belief, USL was well-aware of Lacrosse Unlimited's wide-spread and decades-long sales of clothing and lacrosse equipment that bore the USA LACROSSE phrase. For example, in 2014, USL included one of Lacrosse Unlimited's catalogues as part of its Lacrosse Magazine publication. That Lacrosse Unlimited catalog included an image of a Lacrosse Unlimited shorts product bearing the USA LACROSSE phrase. *See* Exhibit 1 (lead image under "2010s Catalogs" heading).

**DEMAND AND THREAT TO SUE LACROSSE UNLIMITED**

28.    Upon information and belief, USL has been aware of Lacrosse Unlimited's open and notorious use in this country of the phrase USA LACROSSE on clothing and lacrosse gear, with or without a design element, since such usage began several decades ago. However, prior to January 2022, USL never challenged Lacrosse Unlimited's usage of USA LACROSSE in any way.

29.    From early 2022 until last month, USL's representatives and Lacrosse Unlimited have been engaged in phone, email, and in-person discussions regarding the potential assignment of USA LACROSSE from Lacrosse Unlimited to USL with a license back to Lacrosse Unlimited to use the mark from USL. As part of those negotiations, USL drafted a trademark assignment agreement and sent that agreement to USL wherein USL acknowledged Lacrosse Unlimited claimed common law intellectual property right protection in the phrase "USA LACROSSE."

30.    Lacrosse Unlimited determined it did not want to have to pay a royalty for use of the USA LACROSSE phrase, which it has been using for many years. Lacrosse Unlimited thus declined the assignment and license back proposed by USL.

31.    During these negotiations, USL employees, including its CEO, Marc Riccio, and General Counsel, Ellen Zavian, participated in face-to-face meetings, which occurred at USL's Long Island headquarters at 200 Heartland Blvd, Edgewood, NY 11717.

32.    As negotiations between the parties soured, on October 11, 2023, Lacrosse Unlimited participated in a call with Ellen M. Zavian, the general counsel of USL. On this call, Ms. Zavian and USL's Vice President of Retail, Stacy Varner, presented a PowerPoint presentation in which USL's representatives identified a variety of products being sold by Lacrosse Unlimited and specifically alleged that many products "create confusion with the consumer" and are "too similar to [USL's] designs." USL's PowerPoint presentation specifically identified, and crossed through, numerous Lacrosse Unlimited products, which USL told Lacrosse Unlimited it could no longer sell because they infringed USL's USA LACROSSE trademark. A copy of the PowerPoint presentation with USL's commentary is attached as Exhibit 2.

33.    Following the call, Lacrosse Unlimited understood it was likely to be sued by USL if it did not cease sales of products bearing the USA LACROSSE phrase.

34.    USL's infringement claim is based on the inaccurate presumption that USL is entitled to exclude Lacrosse Unlimited from using USA LACROSSE or USA LACROSSE-formative phrase on and in conjunction with clothing and lacrosse equipment and paraphernalia in this country. To the extent any such right exists, USL does not have the right

to stop Lacrosse Unlimited's use of the phrase it has been using for decades before USL's first use.

35.     Lacrosse Unlimited understands that, starting on or around May 12, 2021, USL began using the phrase USA LACROSSE on and/or in conjunction with its sale of lacrosse clothing and gear. However, such usage is decades too late to preclude Lacrosse Unlimited from continuing its longstanding usage of the challenged phrase.

36.     USL's alleged proprietary rights in the USA LACROSSE phrase (to the extent any such rights exist at all) are razor-thin at best, owing to the highly descriptive nature of "USA LACROSSE" when used in conjunction with lacrosse-related goods and services in the United States. USA is a common abbreviation of the United States of America and lacrosse is merely the name of the sport to which USL's goods and services are targeted. Thus, when used in conjunction with such goods and services for lacrosse in the United States, the term "USA LACROSSE" is highly descriptive at best.

37.     Still further, the highly descriptive nature of the term "USA LACROSSE," when used in conjunction with clothing and lacrosse equipment, is evidenced by multiple third parties' usages of the same phrases on and in conjunction with a broad array of these items. Attached as Exhibit 3 are examples of third-party uses of this same phrase on clothing, including:

a.  https://colamaga.com/product/usa-lacrosse-t-shirt-american-flag-shield-and-sticks-cl/

b.  https://www.ebay.com/itm/204040136658

c.  https://blatantlacrosse.com/products/blatant-lacrosse-arctic-camo-usa-lacrosse-shooting-shirt

    d.   https://blatantlacrosse.com/products/blatant-lacrosse-shorts-usa-arctic

    e.   https://www.amazon.com/Ultras-Lacrosse-Long-Sleeve-T-Shirt/dp/B077XV6FWG?th=1

38.    Further evidence of the meritless nature of USL's claim and demand is the fact that, notwithstanding that both parties sell their USA LACROSSE-formative clothing and gear to the public, and notwithstanding the additional fact that the parties' USA LACROSSE-formative clothing and gear have been marketed to consumers in this country for several years, there have been no known instances of actual confusion—much less any legally significant level of actual confusion—arising from the parties' concurrent usage of their respective phrases for several years.

39.    In light of these and other facts to be presented in this lawsuit, it is clear that there is no infringement of any actual trademark rights, which may be proprietary to USL arising from Lacrosse Unlimited's use of its USA LACROSSE phrases with or without any design element other than the Shield Design.

## COUNT 1

### DECLARATION OF LACROSSE UNLIMITED'S
### NON-INFRINGEMENT OF TRADEMARKS UNDER 28 U.S.C. §2201

40.    Lacrosse Unlimited incorporates by reference, as if fully set forth herein, the averments contained within the preceding Paragraphs 1–39.

41.    In view of the foregoing, Lacrosse Unlimited seeks a judgment declaring that Lacrosse Unlimited's usage of USA LACROSSE and USA LACROSSE in connection with design elements does not infringe any valid and subsisting trademark rights (if any) which USL possesses in USA LACROSSE or any USA LACROSSE-formative phrase other than

the Shield Design, as Lacrosse Unlimited has been using such phrases since well prior to USL's claim of rights.

## COUNT 2

### CANCELLATION OF DEFENDANT'S REGISTERED
### MARKS UNDER SECTION 14 OF THE LANHAM ACT (15 U.S.C. §§ 1064, 1119)

42.     Lacrosse Unlimited incorporates by reference, as if fully set forth herein, the averments contained within the preceding Paragraphs 1–41.

43.     Lacrosse Unlimited began using the USA LACROSSE phrase on and in connection with clothing and lacrosse equipment well prior to USL's application for or use of the trademarks USA LACROSSE or USA LACROSSE & Shield Design.

44.     USL is, therefore, not lawfully entitled to registration of USA LACROSSE or USA LACROSSE & Shield Design in conjunction with the goods listed in Classes 25 and 28 in the Word Mark Application and Design Mark Application as such registration is likely to cause the public to believe, mistakenly, that USL's products come from Lacrosse Unlimited or are sponsored or endorsed by Lacrosse Unlimited.

45.     Accordingly, the registrations USL has obtained for USA LACROSSE (U.S. Trademark Registration No. 6,739,974) and USA LACROSSE & Design (U.S. Trademark Registration No. 6,757,004), to the extent they cover clothing items in Class 25 and lacrosse equipment in Class 28, are and will continue to damage Lacrosse Unlimited. For example, Lacrosse Unlimited has had to devote employee time to meeting with USL to discuss its unsubstantiated trademark infringement threats as well as to gathering facts rebutting USL's baseless claims. Further, Lacrosse Unlimited has had to spend employee time and company money to engage attorneys to address USL's threats and baseless claims. As such, the '974 and '004 registrations are subject to cancellation pursuant to 15 U.S.C. §§ 1064, 1119, and

Lacrosse Unlimited requests that this Court order the cancellation of the '974 and '004 registrations pursuant to 15 U.S.C. §§ 1064, 1119.

## COUNT 3

### LIABILITY FOR DEFENDANT'S FALSE
### OR FRAUDULENT REGISTRATIONS (15 U.S.C. § 1120)

46.    Lacrosse Unlimited incorporates by reference, as if fully set forth herein, the averments contained within the preceding Paragraphs 1–45.

47.    USL declared upon filing the Word Mark Application and Design Mark Applications with the USPTO that it was unaware of any third-party use or rights in the filed marks.

48.    USL filed the Word Mark Application and Design Mark Application with knowledge of Lacrosse Unlimited's prior and extensive use of the USA LACROSSE phrase (with or without a design element) on clothing and lacrosse equipment.

49.    USL's designee therefore made a false or fraudulent representation to the USPTO in connection with its Word Mark Application and Design Mark Application.

50.    The false or fraudulent representation made by USL was material as the USPTO required the representation in order to obtain registration for the filed marks.

51.    Upon information and belief, USL's false or fraudulent and material misrepresentation was made knowingly and with an intent to deceive the USPTO.

52.    Accordingly, the registrations USL has obtained for USA LACROSSE (U.S. Trademark Registration No. 6,739,974) and USA LACROSSE & Design (U.S. Trademark Registration No. 6,757,004), to the extent they cover clothing items in Class 25 and lacrosse equipment in Class 28, are and will continue to damage Lacrosse Unlimited. For example, Lacrosse Unlimited has had to devote employee time to meeting with USL to discuss its

unsubstantiated trademark infringement threats as well as to gathering facts rebutting USL's baseless claims. Further, Lacrosse Unlimited has had to spend employee time and company money to engage attorneys to address USL's threats and baseless claims.

WHEREFORE, Lacrosse Unlimited respectfully request that this Court enter judgment in favor of Lacrosse Unlimited and against USL, and issue a judgment:

A.      Declaring that Lacrosse Unlimited's usage of USA LACROSSE on its own or with any phrase other than USL's Shield Design, does not infringe any valid and subsisting trademark rights (if any) which USL possesses in USA LACROSSE or any other USA LACROSSE-formative phrase;

B.      Declaring that USL's federal registrations of USA LACROSSE (Reg. No. 6,739,974) and USA LACROSSE & Design (Reg. No. 6,757,004) for clothing goods in Class 25 and lacrosse equipment in Class 28 are invalid and ordering the cancellation of the '974 and '004 registrations.

C.      Declaring that USL's federal registrations of USA LACROSSE (Reg. No. 6,739,974) and USA LACROSSE & Design (Reg. No. 6,757,004) for clothing goods in Class 25 and lacrosse equipment in Class 28 are invalid due to fraud on the USPTO;

D.      Permanently enjoining USL from asserting to Lacrosse Unlimited and their current or prospective customers, partners, or distributors that Lacrosse Unlimited's usage of USA LACROSSE with or without a design element other than the Shield Design, constitutes infringement of USL's putative USA LACROSSE mark, its putative USA LACROSSE & Design mark, or its alleged rights in any other USA LACROSSE-formative phrase;

D.      Awarding Lacrosse Unlimited damages;

E.      Declaring that this case is exceptional and awarding Lacrosse Unlimited their

attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); and

F.      Granting Lacrosse Unlimited such other and further relief as the Court may

deem just and proper.

Respectfully submitted this 17th day of November, 2023.


                                              */s/ Wade Perrin*
                                              Wade G. Perrin
                                              Christopher L. McArdle (*pro hac vice*
                                              forthcoming)
                                              ALSTON & BIRD LLP
                                              90 Park Avenue, 15th Floor
                                              New York, NY 10016
                                              Telephone: (212) 210-9400
                                              Fax: (212) 922-3843
                                              wade.perrin@alston.com
                                              chris.mcardle@alston.com

                                              Mary Grace Gallagher (*pro hac vice* forthcoming)
                                              ALSTON & BIRD LLP
                                              1201 W. Peachtree Street NW, 49th Floor
                                              Atlanta, GA 30309
                                              Telephone: (404) 881-7000
                                              Fax: (404) 881-7800
                                              marygrace.gallagher@alston.com


                                              *Counsel for Plaintiff,*
                                              *Lacrosse Unlimited, Inc.*